Lisa S. Kantor, State Bar No. 110678
lkantor@kantorlaw.net
Peter S. Sessions, State Bar No. 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Nurit Zabludovsky

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NURIT ZABLUDOVSKY, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; ATTORNEYS' FEES AND COSTS** |
| UNITED HEALTHCARE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff NURIT ZABLUDOVSKY herein sets forth the allegations of her Complaint against Defendant UNITED HEALTHCARE INSURANCE COMPANY.

///
///
///
///
///

1
COMPLAINT

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff NURIT ZABLUDOVSKY is a resident of the Central District of California. Thus, venue is proper in this judicial district pursuant to 29 U.S.C § 1132(e)(2).

3. Plaintiff was at all relevant times a covered beneficiary under the Paramount Bakeries, Inc. health benefit plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits.

4. Plaintiff is informed and believes that Defendant UNITED HEALTHCARE INSURANCE COMPANY ("United") is a corporation with its principal place of business in the State of Minnesota, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Plaintiff is informed and believes that United is the parent company of Oxford Health Insurance Co. of New Jersey, which insured the Plan. United is also the claims administrator for behavioral health claims under the Plan, and made all relevant decisions alleged in this Complaint.

## FIRST CLAIM FOR RELIEF
## FOR DENIAL OF BENEFITS

5. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

6. Plaintiff is a 59-year-old woman with a history of severe mental health issues, including an eating disorder. In or about September of 2013, she was admitted to the Psychological Care and Healing Treatment Center ("PCH") in Los Angeles, California, for treatment of her condition.

7. Plaintiff submitted claims for her treatment at PCH to United. However, United denied benefits as of October 2, 2013 forward.

8. Plaintiff appealed this decision, which United denied in a letter dated January 23, 2014. In its letter United stated that its denial was based on "lack of medical necessity per UBH Level of Care Guidelines for Mental Health Partial Hospitalization Program Level of Care[.]"

9. On or about October 15, 2013, Plaintiff continued treatment at A New Journey Eating Disorder Center ("New Journey"), located in Santa Monica, California.

10. Plaintiff submitted claims for her treatment at New Journey to United. However, United denied benefits as of December 23, 2013 forward.

11. Plaintiff appealed this decision, which United denied on or about December 27, 2013.

12. Plaintiff submitted a second-level appeal, which United denied on or about January 10, 2014. Throughout, United based its denial of Plaintiff's claims on the ground that her treatment was not medically necessary as defined by United's level of care guidelines.

13. Defendant has refused to pay, and Plaintiff is financially responsible for, the unpaid cost of her treatment at PCH and New Journey.

14. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

    (a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

    (b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

    (c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

    (d) Failure to pay for the level of care which was medically necessary; and

    (e) Failure to properly and adequately investigate the merits of the claims and/or provide alternative courses of treatment.

15. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and of which Plaintiff will immediately make Defendant aware once said acts or omissions are discovered by Plaintiff.

16. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

17. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

18.     As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g) (1), Plaintiff is entitled to have such fees and costs paid by Defendant.

19.     Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CLAIM FOR RELIEF
## FOR EQUITABLE RELIEF

20.     Plaintiff refers to and incorporates by reference the foregoing paragraphs as though fully set forth herein.

21.     As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a)     Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

(b)     A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan, and;

(c)     Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

///
///
///
///
///

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.


Dated: July 30, 2014                    KANTOR & KANTOR LLP


                                        By:  */s/ Lisa S. Kantor*
                                             Lisa S. Kantor
                                             Attorneys for Plaintiff
                                             Nurit Zabludovsky